**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FELMON FELTON WILLIAMS (#73308)** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA, ET AL.** | **NO. 09-0103-JJB-DLD** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 10, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FELMON FELTON WILLIAMS (#73308)**          CIVIL ACTION

**VERSUS**

**STATE OF LOUISIANA, ET AL.**          NO. 09-0103-JJB-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 10. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana and Attorney General Buddy Caldwell, complaining that the repeal of former La. R.S. 15:571.7 in 1979 can have no application to his conviction or to a determination of his pardon, parole and commutation rights thereunder because such application would violate the ex post facto clause of the United States Constitution.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  Notwithstanding, although "detailed factual allegations" are not necessary to

withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that he was convicted in 1972, upon a plea of guilty, to one count of aggravated rape, and received a sentence of life imprisonment. The plaintiff alleges that he entered the guilty plea with the understanding that he would only serve ten (10) years and six (6) months of his sentence based upon the then usual practice of commutations being granted pursuant to former La. R.S. 15:571.7, which at that time provided:

> Whenever a prisoner who has been convicted of a crime and sentenced to imprisonment for life, so conducts himself as to merit the approval of the superintendent of the state penitentiary he may apply for a commutation of his sentence and the application, upon approval of the superintendent, shall be forwarded to the governor. The governor may commute the sentence upon the recommendation in writing of the lieutenant governor, attorney general, and presiding judge of the court before which the conviction was had or any two of them. No commutation under this Section shall reduce the period of

incarceration to less than ten years and six months.

In 1979, however, this statute was repealed by 1979 La. Acts, No. 490, and a new procedure was instituted, whereby the governor had the authority to grant pardons and commutations only upon the recommendation of the Board of Pardons. See La. R.S. 15:572, et seq. The plaintiff essentially contends that the version of La. R.S. 15:571.7 that was in effect at the time he received his life sentence should be applied to his conviction so as to render him eligible for commutation, at the Governor's discretion, upon the written recommendation of any two of the lieutenant governor, attorney general and presiding judge, and that the failure to do so constitutes a prohibited ex post facto application of the law.

In response to the plaintiff's allegations, the defendants first contend that the plaintiff's claim is time-barred. In this regard, it is well settled that in §1983 cases, federal courts look to the most consonant statute of limitations of the forum state. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573 (1989); Kitrell v. City of Rockwall, 526 F.2d 715, 716 (5th Cir.), cert. denied, 426 U.S. 925, 96 S.Ct. 2636 (1976). For §1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Washington v. Breaux, 782 F.2d 553 (5th Cir. 1986); Kissinger v. Foti, 544 F.2d 1257 (5th Cir. 1977). Further, under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his action. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980).

As noted by the defendants, the United States Court of Appeals for the Fifth Circuit has not addressed whether challenges to changes in parole board procedures are governed by the applicable state limitations period. However, this conclusion is suggested by implication in Brown v. Dretke, 184 Fed.Appx. 384 (5th Cir. 2006), wherein the Court concluded that, although the plaintiff's habeas corpus claim relative to parole board procedures was time-barred under the limitations period applicable to such claims, his § 1983 claim relative to such procedures "would not be untimely under Texas's two-year rule for § 1983 claims." In addition, the Court notes that the

United States Court of Appeals for the Eleventh Circuit has addressed this issue and has concluded that the limitations period applicable to such claims is in fact the state limitations period applicable to claims brought pursuant to § 1983.  See Brown v. Georgia Board of Pardons & Paroles, 335 F.3d 1259 (11th Cir. 2003); Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003).  Adopting the reasoning utilized by the Eleventh Circuit Court and accepting the implication contained in the Brown decision, this Court concludes, similarly, that the Louisiana one-year limitations period is applicable to the plaintiff's claim in the instant case.

Notwithstanding the foregoing, the Court is unable to conclude at this juncture that the plaintiff's claim is time-barred.  In both Brown and Lovett, supra, the courts made factual determinations regarding the specific dates upon which the respective plaintiffs received notification that the new parole board procedures would be applied to their convictions, thereby determining the date of accrual of the plaintiffs' causes of action.  In the instant case, although La. R.S. 15:571.7 was repealed in 1979, there is no indication in the record as to when the plaintiff received notice that new parole procedures would be applied to his conviction.  While he may well have received such notice more than a year prior to institution of the present lawsuit, or may well have had reason to know thereof, the record is silent as to this critical information.  The plaintiff himself, in his opposition to the defendants' motion, states that he only learned of the pertinent facts in early January, 2008.  While this assertion is conclusory, the Court is unable to discount it entirely in the absence of any information or argument to the contrary.

The defendant next contends that the plaintiff's action should be dismissed because of his failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.  Pursuant to this statute, the plaintiff is normally required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1]  When applicable,

---

[1] 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

this provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

The Court need not decide at the present time whether the plaintiff was required to exhaust administrative remedies relative to the issue raised in this proceeding. He stated in his original Complaint that he did not exhaust administrative remedies relative to this claim because prison officials have "no jurisdiction to render the relief sought herein." Thereafter, in response to the defendants' Motion to Dismiss, the plaintiff has now apparently retracted this statement and has asserted, in a pleading filed "under penalty of perjury", that he "exhausted administrative remedies prior to 2/18/08". See rec.doc.no. 13. Whereas this statement is, again, entirely conclusory and unsupported, and may in fact be untrue in light of the plaintiff's initial assertion, the Court is unable to discount it entirely in the absence of proof to the contrary, and is unwilling to strictly hold the pro se plaintiff to his initial assertion. In the event that the Court ultimately finds that administrative exhaustion is a prerequisite to the plaintiff's claim in this Court, proof of exhaustion or non-exhaustion will likely be relatively simple, either through the plaintiff's production of a copy of the pertinent administrative proceedings (or an identifying number relative thereto), or through the defendants' search of the prison's administrative records and the production of an affidavit attesting to the absence of any such proceedings. In any event, at this juncture, the Court is unable to conclusively determine whether administrative remedies have been exhausted. Accordingly, the defendants' motion should be denied at the present time.

RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, rec.doc.no. 10, be denied, and that the plaintiff's claim be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on December 10, 2009.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**