**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FELMON FELTON WILLIAMS(#73308)** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA, ET AL.** | **NO. 09-0103-BAJ-DLD** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on .September 14, 2010

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FELMON FELTON WILLIAMS(#73308)**                              **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                  **NO. 09-0103-BAJ-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties cross-motions for summary judgment, rec.doc.nos. 18 and 19.

The pro se plaintiff, Felmon Felton Williams, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana and Attorney General Buddy Caldwell, complaining that the 1979 repeal of former La. R.S. 15:571.7 can have no application to his conviction, which predated such repeal, and that new statutory rules and procedures may not be applied to determine his pardon, parole and commutation rights because such application violates the ex post facto clause of the United States and Louisiana Constitutions.

The plaintiff moves for summary judgment relying upon the pleadings and his own affidavit.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of an application for Clemency dated September 11, 2006, a certified copy of correspondence addressed to the plaintiff from the Louisiana Board of Pardons, dated October 12, 2006 (denying the plaintiff a hearing in connection with his application for clemency), and the affidavits of Eileen McCarroll, Mary Strickland, and Rhonda Z. Weldon.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence.

Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff alleges that he was convicted in 1972, upon a plea of guilty, of one count of aggravated rape, and received a sentence of life imprisonment. The plaintiff alleges that he entered the guilty plea with the understanding that he would only serve ten (10) years and six (6) months of his sentence based upon the then usual practice of commutations being granted pursuant to former La. R.S. 15:571.7, which at that time provided:

> Whenever a prisoner who has been convicted of a crime and sentenced to imprisonment for life, so conducts himself as to merit the approval of the superintendent of the state penitentiary he may apply for a commutation of his sentence and the application, upon approval of the superintendent, shall be forwarded to the governor. The governor may commute the sentence upon the recommendation in writing of the lieutenant governor, attorney general, and presiding judge of the court before which the conviction was had or any two of them. No commutation under this Section shall reduce the period of incarceration to less than ten years and six months.

In 1979, however, this statute was repealed by 1979 La. Acts, No. 490, and a new procedure was instituted, whereby the governor had the authority to grant pardons and commutations only upon the recommendation of the Board of Pardons. See La. R.S. 15:572, et seq. The plaintiff essentially contends that the version of La. R.S. 15:571.7 that was in effect at the time he received his life sentence should be applied to his conviction so as to render him eligible for commutation, at the Governor's discretion, upon the written recommendation of any two of the lieutenant governor, attorney general and presiding judge, and that the failure to apply the former law constitutes a prohibited ex post facto application of the new law.[1]

In response to the plaintiff's allegations, the defendants contend that the plaintiff's claims are barred by the applicable statute of limitations. Specifically, the defendants contend that any

---

[1] To the extent that the plaintiff's allegations may be interpreted as asserting a claim that his guilty plea in 1972 was not knowing and voluntary or that his plea agreement was violated because of his belief that he would be released from confinement after serving "ten years and six months" of his life sentence, this claim is properly asserted in a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254, and not in a civil rights proceeding brought pursuant to 42 U.S.C. § 1983. The Court, therefore, does not interpret the plaintiff's allegations as making an attack upon his underlying conviction or upon his 1972 guilty plea.

cause of action based on changes to the Louisiana parole procedures which were not in effect at the time of the plaintiff's convictions is prescribed.  The defendants reason that the limitations period began to run no later than December 17, 1991, the date upon which the plaintiff first submitted an application for clemency to the Louisiana Pardon Board and so knew that he was proceeding under La. R.S. 15:572, et seq.  Thereafter, according to the defendants' records (as stated in the affidavit of Eileen McCarroll), the plaintiff submitted further applications for commutation or pardon in May, 1997, and September, 2006.  The most recent action by the Louisiana Pardon Board is reflected in correspondence dated October 12, 2006, wherein then-chairman Ronald Cox, advised the plaintiff of the Pardon Board's decision not to afford the plaintiff a hearing in connection with his most recent application.  The defendants argue, accordingly, that by the time the plaintiff filed the instant lawsuit in February, 2009, the one-year limitations period applicable to claims brought pursuant to 42 U.S.C. § 1983 had elapsed.

Initially, the Court notes that the plaintiff has named the State of Louisiana as a defendant herein.  Under the Eleventh Amendment to the United States Constitution, however, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by her own citizens as well as by citizens of another state.  Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law.  See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra.  Thus, absent consent or waiver by the state, not here present, the State of Louisiana is immune from suit in this action and must be dismissed.

Turning to the plaintiff's claim asserted against the remaining defendant, the law is clear that statutes of limitations exist to protect defendants from stale claims.  See, e.g., Order of R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944) ("The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the

period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.")  Limitation periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." American Pipe and Constr. Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state.  Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Kitrell v. City of Rockwall, 526 F.2d 715 (5th Cir.), cert. denied, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 379 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.[2]  Louisiana Civil Code article 3492; Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989); Washington v. Breaux, 782 F.2d 553 (5th Cir. 1986); Kissinger v. Foti, 544 F.2d 1257 (5th Cir. 1977).  Under federal law, a cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of his cause of action.  Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980); Longoria v. City of Bay City, Texas, 779 F.2d 1136 (5th Cir. 1986).  The limitations period begins to run when the plaintiff either is or should be aware of both the injury and its connection with the alleged acts of the defendants.  Id.  The limitation period applies to claims by prisoners based on an alleged violation of the ex post facto clause.  Porter v. Ray, 461 F.3d 1315 (11th Cir.), cert. denied, 549 U.S. 996, 127 S.Ct. 516, 166 L.Ed.2d 371 (2006); Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259 (11th Cir. 2003); Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003).

At the time of the plaintiff's conviction, the 1921 Louisiana Constitution and La. R.S. 15:572 provided that the Governor of the State of Louisiana had authority to grant pardons and

---

[2] The plaintiff argues that the one-year limitations period applicable to tort claims cannot be applied to him because the Civil Code article designating such limitations period, article 3492, did not exist in 1972 when he was convicted.  This contention is unavailing.  In 1972, former Civil Code article 3536 provided the same one-year limitations period applicable to offenses and quasi-offenses.  See Kissinger v. Foti, 544 F.2d 1257 (1977) (applying former Civil Code article 3536 to a claim brought under § 1983).

commutations of sentence upon the recommendations of the Lieutenant Governor, the Attorney General, and the judge who presided over the conviction.  In 1974, Louisiana adopted a new Constitution and created a Board of Pardons.  Under the 1974 Constitution, the Governor has authority to grant pardons and commutations upon the recommendation of the Board of Pardons.  In 1979, in furtherance of the 1974 Constitution, the Louisiana legislature repealed La. R.S. 15:572, which had allowed the governor to grant pardons and commutations of sentence under the procedure sanctioned by the former Constitution and enacted La. R.S. 15:571.7, et seq, which required the submission of clemency applications to the Louisiana Pardon Board.

It is undisputed in this case that in December, 1991, pursuant to the new procedures established under La. R.S. 15:571.7, et seq., and the 1974 Constitution, the plaintiff applied to the Pardon Board rather than to the Lieutenant Governor, the Attorney General, and the judge who presided over his conviction, seeking a commutation of sentence.  The plaintiff apparently made similar applications to the Pardon Board in May, 1997, and September, 2006.  The record evidence shows, therefore, that the plaintiff knew or should have known of the retroactive application of La. R.S. 15:571.7, et seq., and the 1974 Louisiana Constitution to his sentence as early as December 17, 1991, the date upon which he complied with the new procedural rules by submitting his request for commutation of sentence to the Pardon Board.  Further, giving the plaintiff the benefit of all possible doubt, he either knew of should have know of the retroactive application of the new procedural rules as late as September 15, 2006, when he last reapplied for commutation of sentence under the new procedural rules.

Consequently, the plaintiff's claims regarding the repeal of La. R.S. 15:572 and the retroactive application of La. R.S. 15:571.7, et seq., accrued more than one year prior to the filing of the instant lawsuit in February, 2009.  The plaintiff's claims asserted against the moving defendants, therefore, are barred by the one year limitations period applicable to claims brought

pursuant to 42 U.S.C. § 1983 in the State of Louisiana.[3]

## RECOMMENDATION

It is recommended that the plaintiff's motion for summary judgment, rec.doc.no. 18, be denied, that the defendants' motion for summary judgment, rec.doc.no. 19, be granted, dismissing the plaintiff's claims asserted against the defendants, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on September 14, 2010.

*(signature)*

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[3] The plaintiff's argument that statutes which affect antecedent rights are ordinarily addressed to the future and are to be given prospective effect only, citing Union Pac. R.Co. v. Laramie Stock Yards Co., 231 U.S. 190, 34 S.Ct. 101, 58 L.Ed. 179 (1939), is unavailing. "[T]hat canon of construction must yield to the rule here controlling that changes in statute law relating only to procedure or remedy are usually held immediately applicable ...." United States v. Vanella, 619 F.2d 384 (5th Cir. 1980), citing Turner v. United States, 410 F.2d 837 (5th Cir. 1969). The statutory changes in the instant case did not affect the plaintiff's right to seek commutation of sentence but only affected the procedures pursuant to which he could seek such relief.